IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Samuel Lamont Barnette, | Civil Action No. 0:23-cv-3890-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Hwy Patrol and Robert H. Gleich, South Carolina State Trooper, | |
| Defendants. | |

Plaintiff Samuel Barnette ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 18 (Amended Complaint). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. This matter is before the court on motion for summary judgment by Defendants Robert Gleich and the South Carolina Highway Patrol (collectively, "Defendants"). ECF No. 44. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed, advising him of the summary judgment procedures and the need to file a response. ECF No. 45. Plaintiff filed a response in opposition. ECF No. 47.

On May 13, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motion for summary judgment be granted in part and denied in part. ECF No. 49. Specifically, the Report recommends dismissal of Plaintiff's deliberate indifference claim, and a stay of the illegal search and seizure claim until the pending criminal charges against Plaintiff are resolved. *Id.* at 8. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party filed objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendations. Accordingly, the court adopts the Report by reference in this Order. Defendants' motion for summary judgment as to Plaintiff's claim for deliberate indifference to medical needs is granted, and this claim is dismissed. As to Plaintiff's remaining claim for illegal search and seizure, the court will stay this case pending resolution of the state court criminal proceedings against Plaintiff. Plaintiff is hereby ordered to apprise the court of the status of his criminal proceedings, and both parties are directed to notify the court when the criminal charges are resolved so the stay can be lifted.

  This matter is re-referred to the Magistrate Judge for pre-trial proceedings on Plaintiff's remaining claim.

  **IT IS SO ORDERED.**

                    s/Cameron McGowan Currie
                    CAMERON MCGOWAN CURRIE
                    Senior United States District Judge

Columbia, South Carolina
June 6, 2024

3