IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Samuel Lamont Barnette,<br><br>    Plaintiff,<br>vs.<br><br>South Carolina Hwy. Patrol and Robert H. Gleich, South Carolina State Trooper,<br><br>    Defendants. | Civil Action No. 0:23-cv-3890-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights by a South Carolina State Trooper. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

Defendants filed a motion for summary judgment on September 24, 2024. ECF No. 60. The same day, the court issued a *Roseboro* order providing an explanation of summary judgment procedures and directing Plaintiff to respond to the motion. ECF No. 61. Plaintiff did not file a response. On October 30, 2024, the Magistrate Judge entered an Order directing Plaintiff to advise the court whether he wishes to continue with the case and file a response to the motion for summary judgment. ECF No. 66. Plaintiff was warned if he failed to respond, the court would recommend the case be dismissed for failure to prosecute.

On December 9, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the case be dismissed for failure to prosecute. ECF No. 68. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to

the Report and the serious consequences if they failed to do so. No party has filed objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees the motion for summary judgment should be granted.

    Accordingly, the court adopts the Report by reference in this Order. This case is dismissed without prejudice for failure to prosecute.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
January 7, 2025

---

[1] Defendant's motion for summary judgment is dismissed as moot.

3